# Charles H. Cheyney, Surviving Trustee under the Will of Thomas Adams, Deceased, *v.* William M. Geary, Thomas M. Thompson, George S. Webster and Charles H. Stewart, Appellants.

*Trust and trustees—Assignment of interest by cestui que trust—Recording act—Cloud on title—Equity.*

Where a cestui que trust assigns to another his interest in the trust estate, the assignee has no right to cause a notice of the assignment to be written on the margin of the record of each one of his securities held by the trustee.

Argued Jan. 8, 1900. Appeal, No. 202, Jan. T., 1899, by defendants, from decree of C. P. No. 2, Phila. Co., Sept. T., 1898, No. 781, on bill in equity. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to remove a cloud on title.

The bill recited that Thomas Adams died in 1867, leaving a will under which plaintiff, Charles H. Cheyney, is surviving trustee; that by terms of said will the residuary estate was given to plaintiff in trust, during life of George B. Adams, a son of testator, and after his death to his children; that on December 2, 1897, Charles P. Adams, a son of said George B. Adams, assigned unto Charles A. Stewart all his right, title and interest in and to said estate, to which assignment was attached a schedule of securities in said estate; that said assignment was recorded in the office of recorder of deeds and registered in bureau of surveys; that by said recording and registering a cloud was placed upon title of plaintiff, the trustee. The answer of Charles H. Stewart admitted the above facts, stated that he is ready to help the trustee by consenting to the satisfaction of any mortgages, and that he was advised that plaintiff had no ground for equitable relief.

The answer of the remaining parties was that the deed of assignment was recorded in the ordinary course of business.

The court entered the following decree:

1. No title to the specific mortgages, bonds, ground rents and property enumerated in exhibit "A," attached to the assignment from Charles P. Adams to Charles H. Stewart, recorded in the

office for the recording of deeds in and for the city and county of Philadelphia, in deed book W. M. G., No. 254, p. 423, became vested in the said Charles H. Stewart by virtue of said assignment.

2. That John Virdin, recorder of deeds of the city and county of Philadelphia, strike from the margin of the record of each of the following enumerated mortgages the entry of the assignment thereof by the said Charles P. Adams to the said Charles H. Stewart.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

3. That Thomas M. Thompson, director of the public works of the city of Philadelphia, and George S. Webster, chief of the bureau of surveys thereof, strike from the records and plans of said survey department the entry of the assignment of the interest of the said Charles P. Adams in premises No. 1732, Norwood street and 3220 Sansom street to the said Charles H. Stewart.

4. That John Virdin, recorder of deeds, permit Charles H. Cheyney, surviving trustee under the will of Thomas Adams, deceased, the plaintiff, to satisfy that certain mortgage of Elizabeth F. Davies et al., recorded in mortgage book D. H. L., No. 224, p. 12, etc.

5. That Charles H. Stewart, the defendant, be enjoined and restrained from interfering with the sale, transfer, satisfaction or management by the plaintiff of any of the said mortgages, ground rents, bonds and property included in schedule " A," attached to said assignment from Charles P. Adams.

6. That the plaintiff recover of Charles H. Stewart, the respondent, his costs.

*Errors assigned* was the decree of the court.

*Charles H. Burr, Jr.*, with him *Arthur W. Depue*, for appellants.—In the case at bar appellants have not made the slightest claim to the property in the hands of the trustee; they have simply recorded an instrument which in terms admits the title of appellee, and attempt to assign the property after the title of the appellee shall have terminated by the death of the life tenant. The bill, therefore, in no wise comes under the head of bills to quiet title, for no title is claimed adverse to appellee. Moreover, in every bill to quiet title the relief sought is the

cancelation of a deed; in this case the validity of the deed is not for a moment questioned.

Appellants' assignor had a vested title to the mortgages and real estate included in said remainder. During the lifetime of the life tenant it is doubtless true that the trustee holds the legal title, but upon his death the mortgages, etc., the title to which is now vested in appellants, will come into his possession. That they have a present right to assign such interest is undisputed and their right to record their assignment follows.

The single act of Stewart was the offering of a paper for recording. It was accepted by the bureau of surveys and by the recorder of deeds, and duly registered and recorded. If such action were legally an error, the error was one in which all the defendants shared and for which they are all responsible alike.

*Horace L. Cheyney,* for appellee was not heard, but cited Stewart's App., 78 Pa. 88, Dull's App., 113 Pa. 510, and Slegel v. Lauer, 148 Pa. 236.

PER CURIAM, January 29, 1900 :

It is too plain for argument that Stewart, as assignee of the interest of Charles P. Adams in the trust estate of his grandfather, had no interest in the individual securities which constituted the trust fund in the hands of the trustee. It was the duty of the trustee to invest and reinvest the moneys of the trust, so as to keep the same invested at all times, in order to procure an income. But in the execution of the duties of the trustee the cestui que trust had no right to interfere, nor could his assignee do so. When, therefore, the latter caused a notice of the assignment to be written on the margin of the record of each one of the securities held by the trustee, he was interfering directly and actively in the management of the trust. He had no right to do this, and the decree of the court below directing that these entries be stricken from the margin of the record was entirely proper. The court did not direct the assignment itself to be stricken from the record. The defendant should certainly pay the costs of this proceeding which was occasioned by his own wilful act.

Decree affirmed and appeal dismissed at the cost of the defendant, Stewart.